# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SIOBHAN JAMES, et al., | ) |
| Plaintiffs, | ) |
| v. | ) 1:20CV134 |
| RPS HOLDINGS, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the "Verified Motion for Stay with Incorporated Memorandum of Law" (Docket Entry 50 (the "Motion to Stay")) by RPS Holdings, LLC (the "Defendant"). For the reasons that follow, the Court will grant the Motion to Stay.

## BACKGROUND

The Court's most recent memorandum opinion and order (the "Order") sets out the full background of this case. See James v. RPS Holdings, LLC, No. 20CV134, 2021 WL 5889479, at *1-5 (M.D.N.C. Dec. 13, 2021) (unpublished), appeal docketed, No. 22-1027 (4th Cir. Jan. 7, 2022). By way of brief summary, Siobhan James (the "Plaintiff") initiated this action asserting, among other claims, violations of the Fair Labor Standards Act ("FLSA"). (See id. at *1.) In particular, Plaintiff has alleged that Defendant misclassified her as an independent contractor during the time she worked at Capital Cabaret, an establishment that Defendant operates in Morrisville, North Carolina. (See id.) Plaintiff also sought

to maintain this action on behalf of a "proposed collective ('Putative Plaintiffs') [including] '[a]ll individuals who were, are, or will be employed at . . . Capital Cabaret gentleman's club as exotic dancers and who were classified as independent contractors at any time three years prior to the commencement of this action, through the present.'" (Id. at *4 (ellipsis and second set of brackets in original).)  To that end, and pursuant to the FLSA, Plaintiff moved to conditionally certify this matter as a collective action and sought court-authorized notice to Putative Plaintiffs.  (See id. at *3-4 (describing Docket Entry 35 (the "Certification Motion")).)[1]  Defendant opposed the Certification Motion and moved to compel arbitration (or, alternatively, stay judicial proceedings) on the grounds that Plaintiff had signed a written arbitration agreement (the "Agreement") barring her claims in this forum.  (See id. at *5 (referencing Docket Entry 41 (the "Arbitration Motion")).)[2]

Via the Order, the Court (per the undersigned United States Magistrate Judge) denied the Arbitration Motion (see id. at *10) and granted in part and denied in part the Certification Motion

---

[1] As explained in the Order, "the statute of limitations [under the FLSA] continues to run until a claimant affirmatively opts in to the lawsuit" (id. at *11 (internal quotation marks omitted)).

[2] In support of the Arbitration Motion, Defendant tendered the Agreement (see id. at *5 & n.4), which identified its signatories as "S. James" and "Cap Cab" (id. at *1).

2

Case 1:20-cv-00134-LPA   Document 55   Filed 02/28/22   Page 2 of 14

(see id. at *12-13).  In connection with the latter ruling, the Order required Plaintiff to revise the proposed notice advising Putative Plaintiffs of their right to opt in to this action (see id.) and directed Defendant, on or before January 3, 2022, (i) to post such notice, as well as a consent form opting in to this action, at the Capital Cabaret dressing room (see id. at *14), and (ii) "[to] provide Plaintiff with the names, last known mailing addresses, last known home and cellular phone numbers, email addresses, and dates of employment of all [Putative Plaintiffs] who worked for [Defendant] at any time during the period from February 2017 to the present" (id.).

Defendant did not comply with those directives.  Instead, before the deadline for compliance expired, Defendant filed an interlocutory appeal to the United States Court of Appeals for the Fourth Circuit.  (See Docket Entry 48 at 1 (notice dated December 29, 2021, appealing "from Order . . . denying Defendant's [Arbitration Motion] . . . and further ordering conditional class certification on the basis of denial to participate in arbitration").)  The following day, Defendant requested that the Court stay the Order during the pendency of that appeal (see Docket Entry 50 at 1), attaching (i) a declaration from Defendant's principal, Phong Nguyen (see Docket Entry 50 at 12), and (ii) a certificate of assumed name from the Wake County Register of Deeds documenting Defendant's use of the assumed name "Capital Cabaret"

3

(see Docket Entry 50-1), as well as copies of (iii) the docket sheet from a similar action (the "Eastern District Action") pending against Defendant in a neighboring court (see Docket Entry 50-2); (iv) written agreements, including arbitration agreements (collectively, the "Eastern District Agreements") signed by the plaintiffs (the "Eastern District Plaintiffs") in the Eastern District Action (see Docket Entries 50-3, 50-4, 50-5, 50-6; see also Docket Entries 50-7, 50-8 (written agreements of non-party individuals)); and (v) other written agreements (see Docket Entry 50-9), including an arbitration agreement (the "Second Agreement") that bears Plaintiff's name and the date March 4, 2017 (see id. at 4-6). Shortly thereafter, Defendant filed a "Notice of Filing, Request for Judicial Notice, and Notice of Supplemental Authority in Support of Defense Verified Motion to Stay" (Docket Entry 52 at 1 (internal citation omitted)), which indicates that Defendant had prevailed in compelling arbitration in the Eastern District Action (see Docket Entry 52-1 (copy of order requiring four Eastern District Plaintiffs to proceed to arbitration)).

Plaintiff opposed the Motion to Stay (see Docket Entry 53), and Defendant replied (see Docket Entry 54).

## **DISCUSSION**

### **I. Relevant Standards**

As a general matter, "[f]ederal law . . . limits [appellate] jurisdiction to appeals from 'final decisions of the district

4

courts.'" Davis v. City of Greensboro, 770 F.3d 278, 281 (4th Cir. 2014) (quoting 28 U.S.C. § 1291). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945), superseded on other grounds by statute, Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, 102 Stat. 4642 (1988) (codified at 9 U.S.C. § 16). However, Section 16 of the Federal Arbitration Act ("FAA") creates an exception to that general rule and "authorizes interlocutory appeals from a district court's refusal to either stay litigation pending arbitration under Section 3 of the FAA or compel arbitration under Section 4 of the FAA." Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc., 807 F.3d 553, 561 (4th Cir. 2015).

"[A] timely filed notice of appeal transfers jurisdiction of a case to the court of appeals and strips a district court of jurisdiction to rule on any matters involved in the appeal." Company Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014); see also Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance [that] confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."), superseded on other grounds by statute, Fed. R. App. P. 4(a)(4) (as amended Dec. 1, 1993). Adherence to that "rule fosters judicial economy and

5

guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." Company Doe, 749 F.3d at 258. With respect to interlocutory appeals, "[t]he divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant," Stewart v. Donges, 915 F.2d 572, 575 (10th Cir. 1990), because "[it] disrupts ongoing proceedings in the district court," id.

However, "an exception to the jurisdictional transfer [rule] authorizes a district court to exercise jurisdiction over 'matters in aid of the appeal.'" Williamson v. Stirling, 912 F.3d 154, 167 (4th Cir. 2018) (quoting Grand Jury Proceedings Under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir. 1991)). The Fourth Circuit has explained that

> [a] court may render such aid, for example, by resolving a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment being appealed, see Fed. R. App. P. 4(a)(4)(A)(iv) (providing in addition that filing of Rule 59(e) motion resets time allotted all parties to submit notices of appeal), or by addressing in the first instance a motion for stay pending appeal, see Fed. R. App. P. 8(a)(1)(A).

Wolfe v. Clarke, 718 F.3d 277, 281 n.3 (4th Cir. 2013). In contrast, "[a] district court does not act in aid of the appeal when it 'alter[s] the status of the case as it rests before the court of appeals.'" Company Doe, 749 F.3d at 259 (second set of brackets in original) (quoting Coastal Corp. v. Texas E. Corp., 869 F.2d 817, 820 (5th Cir. 1989)).

6

As far as the effect of an interlocutory appeal concerning a denial of arbitration, the Fourth Circuit has joined the majority of appellate courts that have considered the issue, holding that "an appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited." Levin v. Alms & Assocs., 634 F.3d 260, 266 (4th Cir. 2011); accord Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n.6 (3d Cir. 2007); McCauley v. Halliburton Energy Servs., 413 F.3d 1158, 1160–62 (10th Cir. 2005); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251—53 (11th Cir. 2004); Bradford-Scott Data Corp. v. Physician Comput. Network, 128 F.3d 504, 505–07 (7th Cir. 1997); see also Bombardier Corp. v. National R.R. Passenger Corp., No. 02-7125, 2002 WL 31818924, at *1 (D.C. Cir. Dec. 12, 2002) (unpublished) (denying as unnecessary emergency motion to stay district court proceedings given exclusive jurisdiction of appellate court).[3] Absent such certification, a

---

3 Courts in three other circuits have taken a contrary view. See Weingarten Realty Invs. v. Miller, 661 F.3d 904, 909 (5th Cir. 2011) ("An appeal of a denial of a motion to compel arbitration does not involve the merits of the claims pending in the district court."); Motorola Credit Corp. v. Uzan, 388 F.3d 39, 54 (2d Cir. 2004) ("[F]urther district court proceedings in a case are not 'involved in' the appeal of an order refusing arbitration, and [] a district court therefore has jurisdiction to proceed with a case absent a stay from th[e appellate c]ourt."); Britton v. Co-op Banking Grp., 916 F.2d 1405, 1412 (9th Cir. 1990) ("Since the issue of arbitrability was the only substantive issue presented in this appeal, the district court was not divested of jurisdiction to
(continued...)

7

district court "necessarily lack[s] jurisdiction over the continuation of any proceedings relating to the claims at issue." Levin, 634 F.3d at 264 (emphasis added). For example, a district court may not allow discovery to continue after a litigant properly seeks interlocutory review of a decision denying arbitration. See id. at 264-65 (characterizing discovery as "vital part of the litigation process" and noting that continued discovery during pendency of arbitrability appeal would undermine "efficiency and cost-saving purposes of arbitration" and "could alter the nature of the dispute significantly").

## II. Analysis

Defendant has requested a stay on the grounds that (i) compliance with the Order would impose a significant burden (see Docket Entry 50, ¶¶ 10, 19; see also id., ¶ 18 (explaining that compliance with Order would require "tedious examination of ***every*** [a]rbitration [a]greement")), (ii) the Eastern District Agreements identify the signatory entity as "Capital Cabaret" (see id., ¶¶ 12-13), (iii) Plaintiff signed an agreement similar to the Eastern District Agreements (see id., ¶ 17 (referencing the Second Agreement)), (iv) all Putative Plaintiffs "likely" signed arbitration agreements with an entity named "Capital Cabaret" (see id., ¶ 19), such that notice of this action (as required by the

---

3(...continued)
proceed with the case on the merits." (internal footnote omitted)).

Order) would needlessly stir up litigation over claims subject to arbitration (see id., ¶¶ 21-22), and (v) questions regarding the enforceability of written arbitration agreements warrant evidentiary hearings (see id., ¶ 20). (See also id., ¶ 25 (asserting that "the interests of judicial economy, the hardship and inequity to [Defendant] in the absence of a stay, and the potential prejudice to [Plaintiff] in the event of a stay all favor [] Defendant").)

For her part, Plaintiff has (i) characterized the interlocutory appeal as meritless (see Docket Entry 53 at 12-14 (noting Defendant's production of (and supposed reliance on) the Second Agreement to compel arbitration)), (ii) challenged Defendant's attempt to appeal the portion of the Order granting conditional certification (see id. at 14-20 (asserting that no interlocutory appeal lies from such decision)), (iii) argued that Defendant cannot demonstrate good cause for a stay (see id. at 20-22 (highlighting futility of appeal, lack of injury to Defendant absent proposed stay, prejudice to Putative Plaintiffs absent Defendant's compliance with Order, and public interest in FLSA notice procedures)), and (iv) suggested that "[t]he Court should sanction Defendant and compel Defendant to immediately comply with the [] Order" (id. at 22 (standard capitalization applied); see id. at 22-24 (relying on inherent judicial authority to compel compliance with Order and award attorney's fees)). In reply,

9

Defendant has (i) maintained its reliance on the Agreement "as the basis for compelling Plaintiff's claims to arbitration" (Docket Entry 54 at 9 (internal quotation marks omitted)), notwithstanding its subsequent production of the Second Agreement (see id. at 8–10), (ii) clarified that the interlocutory appeal concerns only "the denial of arbitration" (id. at 5; see id. at 10–11), (iii) proposed equitable tolling as a means of mitigating potential harm to Putative Plaintiffs during the requested stay (see id. at 11–12), and (iv) objected to Plaintiff's pursuit of sanctions (see id. at 12–13).

Notably, neither party has discussed the jurisdictional significance of the pending appeal. (See Docket Entries 50, 52, 53, 54.) In that regard, because Defendant properly sought interlocutory review of the Order, see 9 U.S.C. 16(a)(1), this Court lacks "jurisdiction to rule on any matters involved in the appeal," Company Doe, 749 F.3d at 258. As far as the scope of such matters, "[t]he core subject of an arbitrability appeal is the challenged continuation of proceedings before the district court on the underlying claims." Levin, 634 F.3d at 264; see also Bradford-Scott Data Corp., 128 F.3d at 506 ("Whether the litigation may go forward in the district court is precisely what the court of appeals must decide."). In other words, an arbitrability appeal effects a broad divestiture of this Court's jurisdiction over this action.

Despite that divestiture, the Court retains jurisdiction to consider the Motion to Stay. See Wolfe, 718 F.3d at 281 n.3 (classifying motion to stay pending appeal as matter in aid of appeal). Although the parties have quibbled over the propriety of a stay, binding Fourth Circuit precedent effectively compels that result. See Levin, 634 F.3d at 266 ("[A]n appeal on the issue of arbitrability . . . requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited." (emphasis added)). To the extent Plaintiff has challenged the merits of the appeal by highlighting Defendant's reliance on the newly produced Second Agreement (and corresponding abandonment of the Agreement) (see Docket Entry 53 at 12–14), Defendant has denied proffering the Second Agreement "to amend, supplement or in any way deviate from the core issue of the validity and enforceability of the [ A]greement" (Docket Entry 54 at 10). Accordingly, the Court does not view the appeal as frivolous or forfeited on those grounds. Plaintiff has not presented another basis for certification of the appeal as frivolous or forfeited, and the Court does not independently discern one.[4]

---

4 It bears noting, however, that Defendant has introduced novel arguments to establish the enforceability of the Agreement (see, e.g., id. at 6–7 (previewing theory of "implied-in-fact" contract)) and that some of the Eastern District Agreements (which supposedly demonstrate the futility of notice to Putative Plaintiffs in this action) appear to involve an entity other than Defendant, which operated at a location other than Morrisville (see, e.g., Docket Entry 50-3 at 1 ("Entertainer Fact Sheet"
(continued...)

11

Insofar as Defendant has suggested (in reply) that the Court, notwithstanding the pendency of the interlocutory appeal and resulting divestiture of jurisdiction, may decide whether grounds exist for equitable tolling (see id. at 12), the Court views Levin as foreclosing such path. See Levin, 634 F.3d at 263–66. Consistent with that interpretation, at least one district court in the Fourth Circuit has entertained a motion for equitable tolling (under the FLSA) "after the Fourth Circuit returned jurisdiction to th[e c]ourt [following an arbitrability appeal]," Weckesser v. Knight Enters. S.E., LLC, No. 2:16CV2053, 2018 WL 4087931, at *3 (D.S.C. Aug. 27, 2018) (unpublished). Moreover, at least one district court in a neighboring circuit has deferred such decision on jurisdictional grounds. See Redmond v. NPC Int'l, Inc., No. 13-1037, 2015 WL 3537428, at *2–4 (W.D. Tenn. June 4, 2015) (unpublished) (citing Levin and denying without prejudice motion to equitably toll FLSA statute of limitations during pendency of arbitrability appeal); see also Huffman v. Hilltop Cos., LLC, No. 1:13CV219, 2014 WL 695844, at *2 (S.D. Ohio Feb. 24, 2014) (unpublished) ("Plaintiffs can always seek equitable tolling from the Court, if and when such an issue becomes relevant."); but see Agarunova v. Stella Orton Home Care Agency, Inc., No. 16CV638, 2019 WL 1114897, at *2–4 (E.D.N.Y. Mar. 11, 2019) (unpublished) (denying

---

4(...continued)
depicting logo of Charlotte-based "MAL Entertainment")).

without prejudice motion for conditional certification while tolling FLSA statute of limitations during pendency of related arbitrability appeal).[5] Accordingly, the Court will not address equitable tolling until after the Fourth Circuit resolves the interlocutory appeal, which decision could moot the issue.[6]

## CONCLUSION

Because Defendant's (non-frivolous) appeal of the Order divested this Court of jurisdiction to proceed with the underlying claims (except for matters in aid of appeal), the Court must stay this action and refrain from granting the requested relief other than the stay itself.

---

[5] The situation in Agarunova did not squarely present the jurisdictional question relevant here because the appeal at issue came after a decision by a district court in a separate matter "den[ying] a motion to compel arbitration based upon an arbitration provision containing identical language [to the provision at issue in Agarunova]," Agarunova, 2019 WL 1114897 at *2 (noting then-pending appeal from Abdullayeva v. Attending Homecare Servs., LLC, No. 17CV5951, 2018 WL 1181644 (E.D.N.Y. Mar. 5, 2018) (unpublished), rev'd and remanded, 928 F.3d 218 (2d Cir. 2019)). In any event, exercise of jurisdiction by a district court in the Second Circuit (like the Eastern District of New York) during the pendency of an arbitrability appeal would square with Second Circuit precedent authorizing that practice. See Motorola Credit Corp., 388 F.3d at 54.

[6] The Court also declines to consider Plaintiff's request for sanctions because Plaintiff sought such relief by improper means. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Moreover, Defendant (properly) sought review of the Order before the deadline for compliance with the same.

**IT IS THEREFORE ORDERED** that the Motion to Stay (Docket Entry 50) is **GRANTED**.

                                    /s/ L. Patrick Auld
                                      **L. Patrick Auld**
                                **United States Magistrate Judge**

February 28, 2022

14

Case 1:20-cv-00134-LPA   Document 55   Filed 02/28/22   Page 14 of 14