IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SIOBAHN JAMES,                  )
                                )
          Plaintiff,            )
                                )
     v.                         )     1:20CV134
                                )
RPS HOLDINGS, LLC,              )
                                )
          Defendant.            )
```

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Defendant's Motion to Accept Pretrial Disclosures out of Time (Docket Entry 71). (See Docket Entry dated Apr. 26, 2024.) For the reasons that follow, the Court will grant the instant Motion.

INTRODUCTION

Via Notice docketed on February 26, 2024, the Clerk set this case for a trial on May 16, 2024. (See Docket Entry 66 at 1.) That Notice (A) expressly reminded the parties of their obligation to "comply in all respects with Fed[eral] R[ule of] Civ[il] P[rocedure] 26(a)(3) regarding final pretrial disclosure[s]" (id.),[1] and (B) explicitly established filing deadlines, with

---

[1] The above-referenced provision of the Federal Rules of Civil Procedure (the "Rules") requires disclosure of "the following information about the evidence that [a party] may present at trial other than solely for impeachment," Fed. R. Civ. P. 26(a)(3)(A):

> (i) the name and, if not previously provided, the address and telephone number of each witness – separately identifying those the party expects to present and those it may call if the need arises;

(continued...)

"[f]inal pretrial disclosures due April 12, 2024" (id.). Plaintiff timely filed her final pretrial disclosures. (See Docket Entry 70 ("Plaintiff's FPDs").) On April 15, 2024, Defendant filed the instant Motion, admitting therein that Defendant "missed the [final p]retrial [d]isclosures deadline." (Docket Entry 71 at 2; see also Docket Entry 71-1 (copy of belated final pretrial disclosures ("Defendant's FPDs")).) Plaintiff has responded in opposition (see Docket Entry 73 (the "Response")) and Defendant has replied (see Docket Entry 75 (the "Reply")). Additionally, between the filing of the Response and the Reply, Plaintiff filed an amended version of her FPDs ("Plaintiff's Amended FPDs") (see Docket Entry 74), to which Defendant objected (see Docket Entry 77).

## DISCUSSION

The parties dispute what provision of the Rules governs the timeliness issue raised by the instant Motion. (Compare Docket Entry 71 at 3 (invoking excusable neglect standard under Rule 6(b)(1)), with Docket Entry 73 at 2 (arguing that "Rule 16(b)(4)['s good cause standard g]overns [the instant] Motion" (bold font omitted)).) Regardless of which of those provisions the Court

---

[1](...continued)
(ii) the designation of those witnesses whose testimony the party expects to present by deposition . . .; and
(iii) an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises.

Id.

deems applicable and assuming Defendant cannot satisfy the standard set by the applicable provision, to resolve the instant Motion (as Plaintiff concedes), the Court still ultimately must exercise its "'broad discretion' [to] determin[e] whether [Defendant's] . . . untimely disclosure of evidence [under Rule 26(a)(3)(A)] is substantially justified or harmless." (Docket Entry 73 at 6 (quoting Bresler v. Wilmington Tr. Co., 855 F.3d 178, 190 (4th Cir. 2017), in turn citing Rule 37(c)(1)'s substantial justification/ harmlessness standard).)[2] Moreover, the Fourth Circuit:

> [has] h[e]ld that in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003); see also Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014) ("The burden of establishing these factors lies with the nondisclosing party . . . .").

---

[2] The resolution of the issue raised under Rule 37(c)(1) carries the ultimate significance because that provision of the Rules "requires witness and information exclusion for an untimely disclosure [under Rule 26(a)], unless the violation is substantially justified or harmless." Nelson-Salabes, Inc. v. Morningside Dev., LLC, 284 F.3d 505, 512 n.10 (4th Cir. 2002); see also Bresler, 855 F.3d at 190 ("The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless.").

-3-

"The first four factors listed above relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception." Bresler, 855 F.3d at 190. Here, the record establishes that the harmlessness-related factors on balance favor Defendant.

To begin, Plaintiff does not claim any meaningful surprise. (See Docket Entry 73 at 7 (acknowledging that "the Court may find that whatever surprise exists is minimal").) Nor could she. (See Docket Entry 75 at 6 ("Plaintiff had virtually all of the evidence and witnesses in [Plaintiff's FPDs] including the [a]rbitration [a]greement . . . that Plaintiff now seeks to restrict Defendant from using during trial." (emphasis omitted) (citing Docket Entry 50-9 and Docket Entry 70)).) The Court further agrees with Defendant that, "[t]o the extent that there was any 'surprise' to Plaintiff, Defendant cured that surprise [by filing Defendant's FPDs only one business day late and] well in advance of trial." (Id.) As a result, no reasonable risk exists that "allowing the [untimely disclosure] would disrupt the trial," Southern States, 318 F.3d at 597, a fact again which Plaintiff does not contest (see Docket Entry 73 at 7 ("[T]he Court may find that . . . allowing Defendant's [FPDs] out of time would not necessarily disrupt the trial . . . .")). Lastly, regarding the final harmlessness-related factor, i.e., "the importance of the evidence," Southern States,

-4-

318 F.3d at 597, Plaintiff does argue that some of "Defendant's proffered evidence and witnesses are simply not relevant and will only confuse the jury" (Docket Entry 73 at 7 (footnote omitted)). However, that argument does not show a lack of harmlessness for purposes of Rule 37(c)(1), because excusing the untimely filing of Defendant's FPDs does not mean that the Court will admit all of the evidence disclosed therein; rather, issues of admissibility remain for resolution at the final pretrial conference and/or at trial (once Plaintiff files any objections), see Fed. R. Civ. P. 26(a)(3)(B); see also Pascoe v. Furniture Brand Int'l, Inc., No. 3:10CV193, 2011 WL 475003, at *3 (W.D.N.C. Feb. 4, 2011) (unpublished) ("If further analysis of the value or admissibility of evidence is required, such a determination is better made by the presiding judge closer to trial.").

## CONCLUSION

Defendant's "fail[ure] to provide information or identify a witness as required by Rule 26(a)[(3), by filing Defendant's FPDs one business day late,] . . . is harmless," Fed. R. Civ. P. 37(c)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's instant Motion (Docket Entry 71) is **GRANTED,** in that Defendant's FPDs (Docket Entry 71-1) are accepted as if timely filed (but remain subject to resolution of any objections timely filed under Rule 26(a)(3)(B)).

-5-

**IT IS FURTHER ORDERED** that Plaintiff shall file any objections to Defendant's FPDs, within the meaning of Rule 26(a)(3)(B), by May 10, 2024.

                                           /s/ L. Patrick Auld
                                               **L. Patrick Auld**
                                          **United States Magistrate Judge**

May 3, 2024

-6-

Case 1:20-cv-00134-LPA   Document 79   Filed 05/03/24   Page 6 of 6